## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JAMAL SHEHADEH,          )
                      )
        Plaintiff,      )
                      )
v.                    )      Case No. CIV-26-00335-JD
                      )
WARDEN T. CARTER, et al.,   )
                      )
        Defendants.   )

## <u>ORDER</u>

Plaintiff Jamal Shehadeh ("Plaintiff"), a federal inmate appearing *pro se* brings

this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,

403 U.S. 388 (1971), alleging violations of his civil rights. [Doc. No. 1]. The Court

referred this matter to United States Magistrate Judge Shon T. Erwin for initial

proceedings consistent with 28 U.S.C. § 636(b)(1)(B)–(C). [Doc. No. 4].

Judge Erwin reviewed the Complaint pursuant to 28 U.S.C. § 1915A(a) and issued

a Report and Recommendation ("R. & R."), recommending that the Court dismiss

Plaintiff's Complaint. [Doc. No. 8 at 7]. For the reasons outlined below, the Court

accepts the R. & R.

In the R. & R., Judge Erwin reviewed and analyzed Plaintiff's claims.

First, the R. & R. explained that "Plaintiff has named seven Defendants—all

wardens of various federal prisons where Plaintiff was housed between February 2024

and February 2026." [*Id.* at 4]. Because "Plaintiff has alleged no contacts whatsoever

between five of the Defendants—wardens at federal facilities located in Kansas

(Leavenworth); Indiana (USP Terre Haute); North Carolina (FCI Butner II); and West Virginia (FCI McDowell and FCI Beckley) and Oklahoma" and Judge Erwin could not discern any contact between those Defendants and Oklahoma, the R. & R. recommended dismissing Plaintiff's claims against those five Defendants for lack of personal jurisdiction. [*Id.* at 5].

Second, the R. & R. analyzed Plaintiff's claims against the remaining two Defendants—wardens at the Federal Transfer Center and FCI El Reno—and concluded that Plaintiff failed to state claims against them. [*Id.* at 5–6]. Specifically, the R. & R. concluded that Plaintiff's failure to detail what each warden at each facility specifically did to violate his civil rights rendered his claims legally deficient. [*Id.* at 5 (citing *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007)].[1] Lastly, the R. & R. noted that, considering the recommendation that the Court dismiss Plaintiff's claims, Judge Erwin's prior order requiring Plaintiff to cure the deficiencies in his Application to Proceed *In Forma Pauperis* is now futile and a waste of judicial resources. [Doc. No. 8 at 6].

Judge Erwin advised Plaintiff of his right to object to the R. & R. by filing an objection with the Clerk of Court by April 20, 2026, and explained that failure to timely object to the Report and Recommendation waives appellate review of the recommended

---

[1] The R. & R. additionally noted that "in a case such as this one where Mr. Shehadeh has brought claims against multiple defendants, 'it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her.'" [Doc. No. 8 at 6 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)].

ruling. [*Id.* at 7]. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Plaintiff did not file an objection to the R. & R. or request an extension of time to do so.

The Court notes that, prior to the issuance of the R. & R., Plaintiff filed a Notice of Change of Address. [Doc. No. 7]. Plaintiff indicated that his address is:

> Mr. Jamal Shehadeh
> #14187-026
> Federal Transfer Center
> P.O. Box 898801
> Oklahoma City, OK 73189.

[*Id.* at 1]. The docket reflects that the R. & R. was sent to the above address and was returned as undeliverable. [Doc. No. 10]. However, Plaintiff is responsible for notifying the Court of any change of address, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4; *see* Fed. R. Civ. P. 5(b)(2)(C); *see also Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address . . . . The fact [the plaintiff] is acting pro se does not eliminate this burden.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives the right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not

file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."). The Court will construe Plaintiff's objections liberally because he is proceeding *pro se*, but the Court cannot serve as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

With no objection being filed, and upon review of the record, the Court accepts, adopts, and affirms the R. & R. in its entirety and dismisses Plaintiff's claims without prejudice. Alternatively, although the Court is not required to review the record and law de novo because Plaintiff has not timely objected, the Court has done so and determines it should adopt the R. & R. in full.

The Court therefore ACCEPTS the Report and Recommendation [Doc. No. 8] and DISMISSES Plaintiff's Complaint without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 23rd day of April 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE